ANDREW C. CRAIG & CO. v. WALTER R. PROCTOR.

There is no legal intendment, under chapter 78 of the Revised Statutes, that domestic liquors, sold in large quantity, are illegally sold, so as to relieve a defendant, who attempts to impeach his own promissory note upon the ground that it was given to secure the price of liquors illegally sold, from the burden of satisfying the jury, by direct or circumstantial proof, that the plaintiffs were not manufacturers or distillers of liquors in this or some other state, or that the sale was not made for the purpose of exportation.

ASSUMPSIT to recover the amount of a promissory note for $400, dated Providence, September 7th, 1859, and made by the defendant, payable to the plaintiffs four months after date. At the trial of the case, under the general issue, at the present term of the court, before the chief justice with a jury, it appeared that the defence to the note was, that it was given by the defendant to the plaintiffs to secure the price of intoxicating liquors sold by the plaintiffs, in this state, to him, in violation of chapter 78 of the Revised Statutes. After the evidence was in, the presiding judge charged the jury, that it was incumbent upon the defendant, in order to make out his defence, to satisfy them, not only that the liquors were sold in this state by the plaintiffs to the defendant, but that said liquors were not sold by the plaintiffs as manufacturers or distillers for the purpose of exportation; the burden being upon the defendant to show that the plaintiffs were not such manufacturers or distillers, either in this state or some other state, as well as to make out the illegal purpose of the sale; although the jury were entitled to consider the kind and quantity of the liquor, the manner, and all the circumstances of the sale, in arriving at their conclusion upon these subjects. Under these instructions, to which the defendant excepted, a verdict for the amount of the note, with interest, having been rendered for the plaintiffs, a motion for a new trial was now made, on the ground that the above instructions were erroneous in matter of law.

*Hazard*, with whom was *Hart*, for the defendant.

1. Where the sale of liquors, except by persons duly authorized and for particular uses, is prohibited, it is incumbent on the plaintiff, in the action to recover the price, to show affirmatively

that he was duly licensed to sell them, and that they were sold for a lawful purpose. *Bliss* v. *Branard*, Law Reporter, October, 1860, p. 361, Supreme Judicial Court, New Hampshire. The act of the Legislature of New Hampshire is identical with ours. See Law of New Hampshire, June, 1855, p. 1528, entitled " Suppression of Intemperance."

2. The analogy in criminal cases touching these provisos and exceptions and the burden of proof in relation to them, we think, has a bearing as to what the rule in civil cases should be. " If exceptions are in the enacting clause, qualifying the description of the offence, the indictment must negative the exceptions. When they are in other clauses of the act, they need not be negatived, for they are matters of defence that the prosecutor need not anticipate." Wharton's American Criminal Law, 4th ed. p. 379, §§ 378, 379. But as to the exceptions in the enacting clause that the indictment must negative, whether they are to be proved by the prosecutor or defendant depends upon the following considerations : " If the subject-matter of the exception relate to the defendant personally, or is particularly within his knowledge, the negative is not to be proved by the prosecutor, but by the defendant. If on the other hand the subject of the averment do not relate personally to the defendant or be not peculiarly within his knowledge, but either relate personally to the prosecutor or be peculiarly within his knowledge, or as much within his knowledge as within the knowledge of the defendant, the prosecutor must prove the negative." Wharton's Criminal Law, 4th ed. p. 614, § 614.

3. The words, " except for the purpose of exportation" in the first section of our act, must be taken with the last clause of the 14th section, showing that the statute does not authorize the keeping and selling liquors for exportation by any other persons than manufacturers and distillers ; and we think it equally clear, that the legislature did not intend to authorize the manufacture or sale for exportation by any others than manufacturers and distillers in the state. A reference to previous statutes confirms this view. The law is in fact the act of May, 1852, sometimes called the Maine Law, with such amendments as have been made necessary by judicial decision,

and the slight modification to be referred to. See the Act of May, 1852, Pub. Laws, p. 915, 1st and 8th sections, which prohibit all manufacture of intoxicating liquors, except cider and alcohol for exportation. The act of January 1853, 1st and 8th sections, Pub. Laws, p. 498, went a little farther, and authorized in addition the manufacture of wine and malt liquors for domestic uses. The act, as it now stands, authorizes the manufacture of all kinds of liquors for exportation ; evidently designed to protect the manufacturers from the penalty of an act whose real design was to suppress intemperance by stopping the traffic in the state. See section 28th of present law.

*Brownell*, for the plaintiff.

1. The contract was legal on its face. The liability of the defendant could only be avoided by showing that there was no consideration, or that the note was given for an *illegal* consideration. The burden of proof was on the defendant to establish the *illegality* of the sale. *Wilson* v. *Melvin*, 13 Gray, 73.

2. Any manufacturer or distiller of liquors may hold, own, keep, and *sell* the same, *for exportation.* Rev. Stats. ch. 78, §§ 1, 14.

Ames, C. J. The plaintiffs having submitted to the jury the defendant's promissory note, which imported consideration, the burden was certainly upon the defendant to show by proof the illegality of the contract which constituted his defence to it. Had all sales of liquor in this state been illegal, he would have proved his defence, by merely proving that the consideration of the note was the price of liquors sold in this state. The general assembly have, however, for the benefit of trade and commerce, expressly excepted, in the enacting clause of the first section of their statute prohibiting the sale and manufacture in this state of intoxicating liquors, their sale or manufacture for the purpose of exportation ; and again, in the 14th section, when enumerating the persons by whom, and the circumstances under which, liquors of this sort may lawfully be sold and kept for sale in this state, have expressly declared it to be lawful " for any manufacturer or distiller of liquors of all kinds, to hold, own, and keep and sell the same, for exportation." Rev. Stats. ch. 78, §§ 1 and 14. The policy of the act, as its title indicates,

was to suppress intemperance within the state; and not to interfere with the manufacture or sale of a principal article of commerce, when sold here for exportation, and especially when held, owned, kept, or sold here by the manufacturer or distiller thereof, for that purpose. Looking at the policy of those clauses of the act, we do not feel at liberty to narrow the general and inclusive words which express it, so as to exclude any sale made here for the purpose of exportation, whether made by our own distillers or manufacturers of liquors, or those of other states. It is very plain that under such a statute as this there can be no legal intendment that every sale of domestic liquors, especially in the quantity represented by the amount of this note, is not for exportation; but the intendment must be the other way: that is, until the contrary is proved, in favor of the legality of the transaction. It was quite as easy at least for the defendant, who was a witness in the case, to have denied that the liquors were sold to him for the purpose of exportation, as for the plaintiffs to have proved that such was the purpose of the sale; and we think, that, in the absence of proof so easy to be made by the defendant, the judge who presided at the trial committed no error in instructing the jury, that the burden was upon the defendant to satisfy them that the plaintiffs were not manufacturers or distillers of the liquor sold, either in this or some other state, or did not sell it to the defendant for the purpose of exportation; the jury being entitled in arriving at their conclusion upon these points, to consider the kind and quantity of liquor sold, as well as the manner and all other circumstances of the sale. The instruction amounted to nothing more, than that the burden of impeaching his note, on the ground of the illegal nature of the transaction in which he gave it, was upon the defendant; a proposition too plain to be disputed, and recently applied, as we here apply it, by the supreme court of Massachusetts, to a similar defence to a case similar to the one at bar. *Wilson* v. *Melvin*, 13 Gray, 73.

The motion for a new trial is overruled, with costs; and judgment must be entered upon the verdict.